IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRAIG PEARLMAN,

    Plaintiff,

  v.

Chicago Police Officer ELLIOT TUPAYACHI, and CITY OF CHICAGO, a Municipal Corporation,

    Defendants.

Case No. 24-cv-8699

*Jury Trial Demanded.*

## COMPLAINT

NOW COMES Plaintiff, CRAIG PEARLMAN, by and through his attorney, LAW OFFICE OF JORDAN MARSH LLC, complaining of the Defendants, ELLIOT TUPAYACHI and CITY OF CHICAGO, and states the following:

### JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, §§ 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the federal claims. Venue is proper in the United States District Court for the Northern District of Illinois under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4. At all times relevant herein, Plaintiff CRAIG PEARLMAN (hereinafter "Craig") was a resident of Chicago, Cook County, and resided in the Northern District of Illinois.

5. Defendant TUPAYACHI is sued in his individual capacity and was at all times relevant, a sworn police officer employed by Defendant CITY OF CHICAGO, and was acting within the scope of his agency, service and/or employment with the CITY OF CHICAGO, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

4. Defendant, CITY OF CHICAGO, is a government entity operating within the State of Illinois. The CITY OF CHICAGO is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, CITY OF CHICAGO was the employer of Defendant TUPAYACHI.

## FACTS

5. On August 23, 2024, at approximately 11:30 p.m., Craig was involved in a motor vehicle accident at or near 1532 N. Homan Avenue in Chicago.

6. Police and paramedics responded to the scene. They examined Craig and asked him if he was impaired by alcohol or any other controlled substance.

7. Craig denied being impaired.

8. Paramedics and police agreed Craig did not appear to be impaired and informed him he was free to drive home.

9. Craig did not receive any traffic citation.

10. Craig's car was damaged in the accident, but it was drivable.

11. As Craig drove home, he was pulled over by police at or near Diversey and Western Avenues, in Chicago.

12. An officer pulled him over because his tire was damaged by the accident, and his car was not driving smoothly.

13. The officer directed Craig to step out of the car and questioned him, asking if he was impaired.

14. Craig denied being impaired.

15. The officer agreed that Craig did not appear to be impaired and told him to drive carefully home.

16. At approximately 12:04 a.m. on August 24, 2024, Craig was pulled over again, at 3411 N. Western Avenue, by Defendant Tupayachi.

17. Tupayachi questioned Craig and asked if he was impaired, which Craig denied.

18. Tupayachi administered sobriety tests to Craig.

19. Tupayachi ordered Craig to walk forward nine steps heel-to-toe and turn around and walk back the same way.

20. Craig complied.

21. Next, Tupayachi ordered Craig to lift his foot up.

22. Craig complied, and then put his foot down.

23. Tupayachi told Craig he hadn't told him to put his foot down.

24. Tupayachi ordered Craig to lift his foot up and begin counting and not to stop until Tupayachi told him to stop.

25. Craig complied and lifted his foot up while counting to 33 or 34.

26. Tupayachi told him to stop.

27. Craig complied.

28. After Craig successfully completing all of Tupayachi's sobriety tests, Tupayachi handcuffed Craig, arrested him for Driving Under the Influence of alcohol, and transported him to the 19th District.

29. Officer Tupayachi issued Craig a DUI citation, Number TZ 038 478.

30. On advice of counsel, Craig declined to take a breathalyzer test, triggering the Summary Suspension process. See 625 ILCS 11-501.1.

31. Tupayachi gave Craig a Notice of Summary Suspension/Revocation ("Notice"), which indicates that the suspension/revocation shall take effect on the 46th day following issuance of the Notice.

32. On the Notice, Tupayachi stated that he "could smell a strong odor of an alcoholic beverage smell" from Craig, that his eyes were bloodshot and glassy, and his speech was slurred.

33. None of these were true.

34. Craig was charged with driving under the influence of alcohol, driving an unsafe vehicle, and driving an uninsured vehicle.

35. Craig's vehicle was not uninsured.

36. Craig spent a number of hours in police custody.

37. Craig's arrest report, under "Visual Check of Arrestee", notes that Craig was not under the influence of alcohol or drugs.

38. Craig's arrest report, under "Visual Check of Arrestee", notes that Craig displayed no signs of alcohol or drug withdrawal.

39. On August 27, 2024, Craig, through his counsel, filed a Petition to Rescind the Statutory Summary Suspension, and requested an expedited hearing.

40. Craig's petition was heard on September 3, 2024.

41. On September 3, 2024, the Cook County State's Attorney's office dismissed all charges against Craig, via nolle prosequi.

42. On September 3, 2024, the Court granted Craig's petition to rescind the Statutory Summary Suspension on grounds of due process.

43. Craig works in the financial securities field.

44. Simply being arrested and charged with Driving Under the Influence of alcohol could have had grave consequences for Craig's career, and his ability to provide for his family.

45. Being convicted of Driving Under the Influence can result in the suspension of Craig's securities license, depriving him and his family of income.

## COUNT I – FEDERAL CLAIM
## FALSE ARREST
## DEFENDANT TUPAYACHI

46. Each paragraph of this Complaint is incorporated as if restated fully herein.

47. Defendants caused Craig to be arrested without probable cause to believe he had committed any crime or offense, in violation of the Fourth Amendment to the U.S. Constitution.

48. As a proximate result of Defendants' misconduct, Craig suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

## COUNT II – FEDERAL CLAIM
## UNLAWFUL DETENTION
## DEFENDANT TUPAYACHI

49. Each paragraph of this Complaint is incorporated as if restated fully herein.

50. Defendants caused Craig to be detained without probable cause to believe he had committed any crime or offense, in violation of the Fourth Amendment to the U.S. Constitution.

51. As a proximate result of Defendants' misconduct, Craig suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

## COUNT III – FEDERAL CLAIM
## MALICIOUS PROSECUTION
## DEFENDANT TUPAYACHI

52. Each paragraph of this Complaint is incorporated as if restated fully herein.

53. Defendant Tupayachi initiated and continued criminal charges against Craig without probable cause and with malice, in violation of the Fourth Amendment to the U.S. Constitution.

54. Defendant Tupayachi accused Craig of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Craig without any probable cause for doing so, in violation of his rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution.

55. The criminal case against Craig terminated in a manner favorable to Craig and indicative of his innocence.

56. As a proximate result of Defendant Tupayachi's misconduct, Craig suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

6

## COUNT IV – STATE CLAIM
## MALICIOUS PROSECUTION
## DEFENDANTS TUPAYACHI AND CITY OF CHICAGO

57. Each paragraph of this Complaint is incorporated as if restated fully herein.

58. Defendant TUPAYACHI, and Defendant CITY OF CHICAGO, by and through its agent, Defendant TUPAYACHI, initiated and continued criminal charges against Craig without probable cause and with malice.

59. The criminal case against Craig was dismissed on September 3, 2024, in a manner favorable to Craig and indicative of his innocence.

60. As a proximate result of Defendants' misconduct, Craig suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

## COUNT V – STATE CLAIM
## INDEMNIFICATION
## DEFENDANT CITY OF CHICAGO

61. Each paragraph of this Complaint is incorporated as if restated fully herein.

62. At all relevant times, CITY OF CHICAGO was the employer of Defendant TUPAYACHI.

63. Defendant TUPAYACHI committed the acts alleged above under color of law and in the scope of his employment as employee of the CITY OF CHICAGO.

64. Illinois law provides that government entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

65. Should Defendant TUPAYACHI be found liable on one or more of the claims set forth above, Plaintiff CRAIG PEARLMAN demands, pursuant to Illinois law, that his employer, Defendant CITY OF CHICAGO, be found liable for any judgment plaintiff obtains against Defendant TUPAYACHI, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

## PRAYER OF RELIEF (ALL COUNTS)

For the foregoing reasons, the Plaintiff CRAIG PEARLMAN prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney fees and costs, and for any additional relief this Court deems just and proper.

## JURY DEMAND

The Plaintiff CRAIG PEARLMAN requests a trial by jury.

Respectfully submitted,

CRAIG PEARLMAN

/s/ Jordan Marsh
*Attorney for the Plaintiff*
**LAW OFFICE OF JORDAN MARSH LLC**
5 Revere Drive Suite 200
Northbrook, IL 60062
(224) 220-9000
jordan@jmarshlaw.com